**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

RECEIPT # 58583
AMOUNT $ 150
SUMMONS ISSUED 4-2
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK. M
DATE 9-10-04

RUSSELL F. SHEEHAN, as he is ADMINISTRATOR,
ELECTRICAL WORKERS' HEALTH AND
WELFARE FUND, LOCAL 103, I.B.E.W.;
ELECTRICAL WORKERS' PENSION FUND,
LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS'
SUPPLEMENTARY HEALTH AND WELFARE
FUND, LOCAL 103, I.B.E.W.; ELECTRICAL
WORKERS' DEFERRED INCOME FUND,
LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS'
JOINT APPRENTICESHIP AND TRAINING
FUND, LOCAL 103, I.B.E.W.; ELECTRICAL
WORKERS' EDUCATIONAL AND CULTURAL
FUND; ANTHONY J. SALAMONE, as he is
ADMINISTRATOR, NATIONAL ELECTRICAL
BENEFIT FUND; and LOCAL 103, INTERNATIONAL
BROTHERHOOD OF ELECTRICAL WORKERS,
                                    Plaintiffs

                vs.

A.C. ELECTRIC SYSTEMS, INC.,
                                    Defendant

                and

SOVEREIGN BANK,
                                    Trustee

C.A. No.

**04 CV 11970 DPW**

MAGISTRATE JUDGE Cohen

**COMPLAINT FOR DELINQUENT CONTRIBUTIONS**
**AND TO COMPEL AN AUDIT**

**NATURE OF ACTION**

1.     This is an action brought pursuant to §§502 and 515 of the Employee Retirement

Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and

1145, and §301 of the Labor Management Relations Act, 29 U.S.C. §185, by employee benefit

plans to enforce the obligations to make contributions to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2.      The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3.      Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers Health and Welfare Fund, Local 103, I.B.E.W.  Electrical Workers' Health and Welfare Fund, Local 103, I.B.E.W. is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3).  The Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

4.      Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W.  The Electrical Workers' Pension Fund, Local 103, I.B.E.W. is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A).  The Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

5.      Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers' Supplementary Health and Welfare Fund, Local 103, I.B.E.W.  The Electrical Workers' Supplementary Health and Welfare Fund, Local 103, I.B.E.W. is an "employee welfare benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A).  The Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this judicial district.

6.      Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers'
Deferred Income Fund, Local 103, I.B.E.W.  The Electrical Workers' Deferred Income Fund,
Local 103, I.B.E.W. is an "employee pension benefit plan" within the meaning of §3(1) of
ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 256 Freeport Street, Dorchester,
Massachusetts, within this judicial district.

7.      Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers' Joint
Apprenticeship and Training Trust Fund, Local 103, I.B.E.W.  The Electrical Workers' Joint
Apprenticeship Training Trust Fund is an "employee welfare benefit plan" within the meaning of
§3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 256 Freeport Street,
Dorchester, Massachusetts, within this judicial district.

8.      Plaintiff Russell F. Sheehan is the Administrator of the Electrical Workers'
Educational and Cultural Fund, Local 103, I.B.E.W.  The Electrical Workers' Educational and
Cultural Fund is administered at 256 Freeport Street, Dorchester, Massachusetts, within this
judicial district.

9.      Plaintiff Anthony J. Salamone is the Administrator of the National Electrical
Benefit Fund.  The National Electrical Benefit Plan is an "employee pension  benefit plan" within
the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1).  The Fund is administered at 2400 Research
Boulevard, Suite #500, Rockville, Maryland.

10.     The Health and Welfare, Pension, Supplementary Health and Welfare, Deferred
Income, Joint Apprenticeship and Training Fund, and National Electrical Benefit Fund are multi-
employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37).  They are
hereinafter collectively referred to as "the Funds."

3

11.     Plaintiff Local 103, International Brotherhood of Electrical Workers ("Local 103" or the "Union") is a labor organization within the meaning of §301 of the LMRA, 29 U.S.C. §185. Local 103 is administered at 256 Freeport Street, Dorchester, Massachusetts.

12.     Defendant A.C. Electric Systems, Inc. ( "A.C. Electric") is a Rhode Island corporation with a principal place of business at 127 Gallatin Street, Providence, Rhode Island, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

13.     Sovereign Bank is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

14.     On or about January 14, 2000, Defendant A.C. Electric signed a letter of assent authorizing the Boston Chapter, NECA as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between Boston Chapter, NECA and Local Union, 103, I.B.E.W. A copy of A.C. Electric's signed agreement ("Letter of Assent") is attached hereto as Exhibit A.

15.     Because of the letter of assent, A.C. Electric has been a party to successive collective bargaining agreements, including the agreement which was effective from September 1, 2000 through August 31, 2003 ("the Agreement"). A copy of the relevant portions of the 2000-2003 Agreement is attached hereto as Exhibit B.

16.     The Agreement, like its predecessor and successor agreements, requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees. The Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

4

17.     Section 4.9 of the Agreement requires employers that become delinquent in their

benefit contributions to furnish employment records and a current list of projects, including the

names and addresses of the owner, manager, general contractor and or subcontractor for whom it

has worked.  Section 6.37(g) of the Agreement further provides as follows:

> The parties to this Agreement, upon reasonable request, shall be allowed to examine the
> Employers' payroll records of all employees working under the terms of this Agreement.

18.     Section 4.6 of the Agreement provides that the employer will deduct working dues

form the pay of union members upon receipt of authorization from such members and remit those

dues to the Union.

## COUNT I - VIOLATION OF ERISA -
## DELINQUENT CONTRIBUTIONS

19.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1

through 18 above.

20.     Defendant has failed to submit remittance reports to or pay monthly contributions

to the Funds since February, 2004.

21.     Because no remittance reports have been submitted, Defendant owes an as yet

unliquidated amount of contributions for work conducted from February, 2004 through the

present.  Further, Defendant has failed to pay to the Funds $981.02 owed in interest for the period

September, 2003 through January, 2004.  A summary demonstrating the interest owed is attached

hereto as Exhibit C.

22.     The Funds' attorneys notified A.C. Electric of its delinquency for the above-

mentioned period of time and demanded payment by certified letters dated April 28, June 16, and

September 1, 2004.  The September 1, 2004 letter also made a demand for an audit.  The April

28, June 16, and September 1, 2004 letters to A.C. Electric are attached hereto as Exhibit D.

23.    Defendant failed and refused to respond to the Exhibit D letters.

24.    Thus, to date, Defendant has failed and refused to pay the Funds the as yet unliquidated amount owed for the period February, 2004 to the present, along with $981.02 owed in interest for the period September, 2003 through January, 2004.

25.    The failure of Defendant to make contributions on behalf of all covered employees and to submit to a payroll audit as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185.

26.    Absent an order from this Court, Defendant will continue to refuse to pay the monies it owes to the Funds, will refuse to submit remittance reports and pay contributions now due and owing, and will refuse to submit to a payroll audit, as a result of which the Funds and their participants will be irreparably damaged.

27.    A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF LMRA
## DELINQUENT CONTRIBUTIONS

28.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 27 above.

29.    The failure of A.C. Electric to make contributions on behalf of all covered employees as required by the terms of the collective bargaining agreement violates §301 of LMRA, 29 U.S.C. §185.

## COUNT III - VIOLATION OF LMRA
## DELINQUENT DUES

30.    Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1-29 above.

31.    On information and belief, A.C. Electric deducted dues from its employees' paychecks for the unreported hours and failed to remit those dues to the Union.

32.    A.C. Electric owes the Union an as yet unliquidated amount of dues for the period February, 2004 to the present.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a.    Order the attachment by trustee process of the bank accounts of A.C. Electric held by Sovereign Bank;

b.    Order Defendant to make available to Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations for the period February, 2004 until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions;

c.    Enter a preliminary and permanent injunction enjoining Defendant from refusing or failing to make contributions to Plaintiff Funds and from refusing or failing to permit Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

d.    Enter a preliminary and permanent injunction enjoining A.C. Electric from refusing or failing to remit dues;

7

e.      Enter judgment in favor of the Plaintiff Funds in an as yet unliquidated amount, plus any additional amounts determined by the Court to be owed by Defendant or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2); and

f.      Such further and other relief as this Court deems appropriate.

Respectfully submitted,

RUSSELL F. SHEEHAN, as he is
ADMINISTRATOR, ELECTRICAL
WORKERS' HEALTH AND WELFARE
FUND, LOCAL 103, I.B.E.W., et al,

By their attorneys,

Anne R. Sills, Esq. BBO #546576
Gregory A. Geiman, Esq. BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite 500
Boston, MA  02108
(617) 742-0208

Dated:  September 9, 2004

ARS/gag&ts
3013 02-386/complt-audit.doc

8