UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, <br><br> Plaintiffs <br><br> vs. <br><br> A.C. ELECTRICAL SYSTEMS, INC., <br>    Defendant <br><br> and <br><br> SOVEREIGN BANK, <br>    Trustee | C.A. No. 04-11970 DPW |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Upon the Complaint and Exhibits attached thereto, the Affidavit and Memorandum in support of their Motion for Preliminary Injunction, the Plaintiff Trustees, pursuant to §502(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(a)(3), and Rule 65(a), Federal Rules of Civil Procedure, respectfully request this Court to enter a Preliminary

Injunction enjoining defendant A.C. Electrical Systems, Inc. from refusing to permit an audit of its books and records.

As grounds therefore, plaintiffs state as follows:

1) Based on the foregoing Complaint, Exhibits and Affidavits, plaintiffs have exhibited a likelihood of success on the merits.

2) Unless enjoined by this Court, the defendant will continue to ignore its obligations under the terms of the Employee Retirement Security Act of 1974, as amended ("ERISA"), and of the Restated Agreement and Declaration of Trust of the Health and Welfare Fund, to which it is bound, to permit auditors to audit its books in order to verify whether it made all required contributions to the appropriate funds.

3) There is no adequate remedy at law.

4) The defendant's refusal to permit an audit will result in irreparable injury, loss, and damage to the plaintiffs.

5) The issuance of a preliminary injunction herein will not cause undue inconvenience or loss to the defendant but will prevent irreparable injury to the plaintiffs, and would further the public interest.

WHEREFORE, plaintiffs move this Court to grant a preliminary injunction compelling the defendant and its agents to permit an audit of its books and records for the period February, 2004 to the present to determine the amount, if any, defendant owes plaintiff Funds. Plaintiffs further request that they be excused from posting a bond.

Respectfully submitted,

RUSSELL F. SHEEHAN, as he is
ADMINISTRATOR, ELECTRICAL
WORKERS' HEALTH AND WELFARE
FUND, LOCAL 103, I.B.E.W., et al,

By their attorneys,

_____

2

                        Anne R. Sills, Esquire
                        BBO #546576
                        Gregory A. Geiman, Esquire
                        BBO #655207
                        Segal, Roitman & Coleman
                        11 Beacon Street
                        Suite #500
                        Boston, MA  02108
                        (617) 742-0208

Dated: December 14, 2004

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Plaintiffs' Motion for Preliminary Injunction has been served by first class mail upon the defendant's counsel Dante J. Giammarco, at Visconti and Boren Ltd., 55 Dorrance Street, Providence, RI 02903 this 14th day of December, 2004.

/s/ Gregory A. Geiman

Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3013 02-386/motprinj.doc