```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
Russell F. Sheehan as he is    )
Administrator, Electrical      )
Workers' Health and Welfare    )
Fund; Electrical Workers'      )
Pension Fund; Electrical       )
Workers' Supplementary Health  )
and Welfare Fund; Electrical   )
Workers' Deferred Income Fund; )
Electrical Workers' Joint      )
Apprenticeship and Training    )
Fund Anthony J. Salam          )
As he is Administrator,        )
National Electrical Benefit    )
Fund Local 103, International  )
Brotherhood of Electrical      )
Workers                        )
     Plaintiffs,               )
                               )
           v.                  )    CIVIL ACTION
                               )    NO. 04-11970-DPW
                               )
A.C. Electrician Systems, Inc. )
     Defendants.               )
```

## STANDING ORDER REGARDING
## MOTIONS FOR DEFAULT JUDGMENT

WOODLOCK, District Judge

A Notice of Default has been issued to the defendant **A.C. Electrical Systems** upon motion of the plaintiff in this action.

In anticipation of a Motion for Default Judgment being filed, it should be noted that this session has received numerous motions for default judgment which do not on their face comply with Fed. R. Civ. P. 55 principally because of the failure to provide affidavits (a) substantiating entitlement to the damages or remedy sought, (b) satisfying the Soldiers and Sailors Relief Act, and (c) demonstrating that no party against whom default is

sought is an infant or incompetent person.

In an effort to deal with these procedural failings, certain procedural orders will apply in this session. These orders represent an effort to prompt counsel to comply with the Rule regarding default judgment motions, expedite resolution of such motions and avoid the diversion of resources which individualized procedural orders dea` ng with particular cases r  ire.

Accordingly, the following Standing ORDER Regarding Motions for Default Judgment will be observed in this session:

1. A party making a motion for default judgment shall comply with all the requirements of Fed. R. Civ. P. 55 particularly those related to filing of affidavits. The moving party shall also submit an appropriate form of order in the fashion of the draft order attached hereto as Appendix A. Such compliance shall be completed no later than 14 days after the filing of the motion itself;

2. Within the 14-day period for compliance by the moving party, the party against whom default judgment is sought shall have an opportunity to file substantiated opposition to the default judgment motion and to request a hearing thereon;

3. The Court will take up the motion for default judgment on the papers at the conclusion of the 14-day period. Should the motion for default judgment at that time fail to comply with Fed.

R. Civ. P. 55, the motion will be denied with prejudice to any renewal of such motion within six months of the denial. Any renewed motion for default judgment may not include a request for interest, costs or attorneys' fees in the matter nor will such relief be granted on any renewed motion for default;

    4. Necessary and appropriate action with respect to this Standing ORDER shall ] taken by the moving party ithin **30 days** of the date of the issuance of this ORDER **EXCEPT THAT IF THERE WOULD BE ANY REMAINING DEFENDANTS IN THE ACTION, NO MOTION FOR A DEFAULT JUDGMENT NEED BE FILED WITHIN THE 30 DAYS. A MOTION FOR DEFAULT JUDGMENT SHOULD BE FILED AT THE CONCLUSION OF THE ENTIRE CASE, AND NO DEFAULT JUDGMENT SHALL ISSUE BEFORE THAT TIME UNLESS GOOD CAUSE IS SHOWN WHY A SEPARATE AND FINAL JUDGMENT SHOULD BE ENTERED EARLIER.** If for any reason the moving party cannot take necessary and appropriate action, that party shall file an affidavit describing the status of this case and show good cause why necessary and appropriate action with respect to this Standing ORDER cannot be taken in a timely fashion and further why this case should remain on the docket. Failure to comply with this paragraph will result in the entry of dismissal of the moving party's claims for want of prosecution.

                                 By the Court,

                                 _/s/Richard Nici_____
                                 Deputy Clerk

Dated: March 14, 2005

**4**

Appendix A

**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| Plaintiff(s) | ) ) ) | |
| v. | ) ) ) ) ) ) | CIVIL ACTION NO. |
| Defendant(s) | ) | |

FORM OF
DEFAULT JUDGMENT

Defendant _____ having failed to plead or otherwise defend in this action and its default having been entered,

Now, upon application of plaintiff and affidavits demonstrating that defendant owes plaintiff the sum of $_____; that defendant is not an infant or incompetent person or in the military service of the United States, and that plaintiff has incurred costs in the sum of $_____, it is hereby

ORDERED, ADJUDGED AND DECREED that plaintiff recover from defendant _____ the sum of $_____, with interest as provided by law.

_____
Deputy Clerk

Dated: _____