UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, <br><br>          Plaintiffs <br><br>vs. <br><br>A.C. ELECTRICAL SYSTEMS, INC., <br>          Defendant <br><br>and <br><br>SOVEREIGN BANK, <br>          Trustee | C.A. No. 04-11970 DPW |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF**
**MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement. Plaintiffs (hereinafter "the Funds") are employee benefit plans. Defendant A.C. Electrical Systems, Inc. (hereinafter "A.C.") is a Rhode Island corporation that has defaulted. This action has been brought pursuant to §502(a)(3) and §515 of

the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA").

The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

The Clerk, on or about March 31, 2005, entered a Notice of Default. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding Defendant liable for $10,907.24, representing contributions and dues owed to the Funds, together with interest, liquidated damages, and reasonable attorneys' fees and costs.

**FACTS**

Defendant A.C. is bound by the terms of a collective bargaining agreement (the "Agreement") with Local 103 of the International Brotherhood of Electrical Workers (the "Union"). A true and accurate copy of the relevant portions of the Agreement is attached to the Complaint as Exhibit B. This Agreement requires A.C. to contribute to the Funds for every hour worked by its covered employees. See Affidavit of Russell Sheehan ("Sheehan Aff."), par. 3. Further, A.C. is obligated to submit, with the fringe benefit contributions, the dues that it has deducted from its employees' wages. (Sheehan Aff., par. 4).

According to the Agreement, A.C. must make all payments to the Funds by the fifteenth day of the month following the month in which work is performed. (Sheehan Aff., par. 3). Further, any costs, inclusive of legal fees, incurred by the Union or the Funds in the collection of unpaid contributions are to be borne by A.C. (Sheehan Aff., par. 8).

Defendant A.C. performed work under the terms of the Agreement, but failed to pay all contributions and dues owed thereunder. A.C. owes the Funds $6,013.67 in unpaid or underpaid contributions and dues. (Sheehan Aff., par. 5).

## **ARGUMENT**

Judgment by default should enter where the plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, Plaintiffs' claim is for a sum certain. Plaintiffs have ascertained via payroll stubs and other documents submitted by former A.C. employees that A.C. owes the Funds $4,905.79 in unpaid benefit fund contributions and dues owed under the Agreement for the period February and March, 2004. Further, A.C. owes $1,107.88 in contributions as a result of underpayments that were made on previous contribution payments. As such, A.C. owes the Funds a total of $6,013.67. (Sheehan Aff., par. 5). Further, prejudgment interest on the contributions owed is mandated by ERISA, 29 U.S.C. §1132(g)(2)(B). As such, the Funds have ascertained that, pursuant to the terms of the Agreement, A.C. would owe **$1,172.67** in interest on the contributions due if these contributions were paid by April 30, 2005. (Sheehan Aff., pars. 6, 7).

Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20 percent of the contributions owed (or such higher percentage as may be permitted under Federal or state law), or in an amount equal to interest on the contributions owed, whichever is greater. 29 U.S.C. §1132 (g)(2)(C)(i) and (ii). In the instant case, the Agreement provides for liquidated damages equal to the amount of the outstanding delinquent contributions owed as of December 1, 2004 multiplied by the percentage used to allocate net

3

investment income to individual accounts under the Electrical Workers Deferred Income Fund for the year ending on November 30. (Sheehan Aff., par. 9). The current percentage is 7.181 percent. Id. Thus, A.C. owes liquidated damages in the amount of $431.84. (Sheehan Aff., par. 10).

Finally, attorneys' fees and costs are also mandated by ERISA. 29 U.S.C. §1132(g)(2)(D). Attorneys' fees and costs of this action are $3,289.06. See Affidavit of Anne R. Sills. These figures demonstrate that Plaintiffs' claim is for a sum certain.

Finally, Defendant is neither an infant nor incompetent person. Defendant is also not in the military service. See Affidavit of Russell Sheehan as to Military Service, Infancy and Incompetence.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that this Motion for Default Judgment be granted, and that judgment enter against Defendant A.C. Electrical Systems, Inc. in the amount of $10,907.24, representing unpaid contributions and dues for the months of February and March, 2004, underpayments, interest on the contributions owed, liquidated damages, and reasonable attorneys' fees and costs.

Respectfully submitted,

RUSSELL F. SHEEHAN, as he is
ADMINISTRATOR, ELECTRICAL
WORKERS' HEALTH AND WELFARE
FUND, LOCAL 103, et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207

                        Segal, Roitman & Coleman
                        11 Beacon Street
                        Suite #500
                        Boston, MA  02108
                        (617) 742-0208

Dated:  May 11, 2005

GAG/gag&ts
ARS 3013 02-386/memsupmotdj.doc