UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RUSSELL F. SHEEHAN, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICESHIP AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; ANTHONY J. SALAMONE, as he is ADMINISTRATOR, NATIONAL ELECTRICAL BENEFIT FUND; and LOCAL 103, INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS,

Plaintiffs

vs.

A.C. ELECTRICAL SYSTEMS, INC.,
Defendant

and

SOVEREIGN BANK,
Trustee

C.A. No. 04-11970 DPW

## AFFIDAVIT OF RUSSELL SHEEHAN

1. My name is Russell Sheehan. I am the Administrator of the Electrical Workers Employee Benefit Funds, Local 103, I.B.E.W.

2. A.C. Electrical Systems, Inc. ("A.C.") has been signatory to successive collective bargaining agreements with Local 103, I.B.E.W. since on or about January 14, 2000, including to

the agreement effective from September 1, 2003 through August 31, 2006 ("Agreement"). A copy of the relevant portions of the 2000-2003 Agreement is attached to the Complaint as Exhibit B.

3. The Agreement obligates A.C. to contribute to Plaintiff Funds for every hour worked by its covered employees. Payments must be made by the 15th of the month following the month in which the work is performed. These payments must be submitted with payroll reports, listing the names of the covered employees, the hours worked and the amounts paid.

4. Pursuant to the terms of the Agreement, A.C. is also obligated to submit, with the fringe benefit contributions, the dues that it has deducted from its employees' wages.

5. A.C. failed to submit payroll reports to the Funds for work performed since February, 2004 or to forward the dues that it has deducted from its employees' wages. Thus, the Funds ascertained via payroll stubs and other documents submitted by former A.C. employees that A.C. owes the Funds $4,905.79 in unpaid benefit fund contributions and dues owed under the Agreement for the period February and March, 2004. Further, A.C. owes $1,107.88 in contributions as a result of underpayments that were made on previous contribution payments. As such, A.C. owes the Funds a total of $6,013.67.

6. Pursuant to the terms of the Agreement, the Trust Agreements, and Section 4.05 of the Funds' Collection Policy, A.C. also owes interest at the per month rate of 1.5% of the delinquent contributions. A copy of the Funds' Collection Policy is attached hereto as Exhibit 1.

7. If all of its delinquent contributions were paid by April 30, 2005, A.C. would owe interest in the amount of $1,172.67.

8. Section 4.05 of the Funds' Collection Policy also states that the delinquent employer is to be liable for all costs of collection, including attorneys' fees.

9. Under Section 4.06 of the Funds' Collection Policy, A.C. must pay as liquidated damages an assessment equal to the amount of the outstanding delinquent contributions owed as of December 1, 2004 multiplied by the percentage used to allocate net investment income to individual accounts under the Electrical Workers Deferred Income Fund for the year ending on November 30. The current percentage is 7.181%.

10. Thus, A.C. owes liquidated damages in the amount of $431.84.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 29th DAY OF APRIL, 2005.

Russell Sheehan

GAG/gag&rs
ARS 3013 02-586/affsheehan3.doc

3